Leland Eugene Backus, Esq.
Nevada State Bar No. 473
Adam P. Rosenberg, Esq.
Nevada State Bar No. 12082
**BACKUS, CARRANZA & BURDEN**
3050 S. Durango Drive
Las Vegas, NV 89117
Tele: (702) 872-5555
Fax: (702) 872-5545
gbackus@backuslaw.com
Attorneys for Defendant
HCC Life Insurance Company

```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
         COUNSEL/PARTIES OF RECORD

             FEB 2 5 2013

      CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY: _____ DEPUTY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WOODBURN AND WEDGE, CHARTERED, a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HCC LIFE INSURANCE COMPANY, an Indiana corporation; CNIC HEALTH SOLUTIONS, a Colorado corporation; THE LAUGHTON Company, a Nevada Corporation,<br><br>Defendants. | CASE NO. 3:12-cv-00280-LRH-VPC<br><br>**STIPULATION AND CONFIDENTIALITY ORDER** |

## STIPULATION AND CONFIDENTIALITY ORDER

To expedite the flow of discovery material; facilitate the prompt resolution of disputes over confidentiality; adequately protect medical or medical health documents, and protect the restricted personal information of the parties, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, hereby stipulated and agreed that the following terms and conditions applicable to discovery may be entered by order of the Court.

///

///

///

4841-3115-7522.1                                    1

I.

## PROVISIONS RELATED TO THIS FEDERAL COURT CASE

**A. DEFINITIONS.**

1. The issues in this Federal Court case, *inter alia*, touch upon medical care, treatment and billings related to an employee of Plaintiff Woodburn and Wedge, hereinafter referred to as "Employee X."

2. For purposes of this order, the term "document" means all written, recorded or graphic material, whether produced or created by a party or another person pursuant to Rule 34, subpoena, by agreement or otherwise.

3. A document marked "confidential" signifies that the document so marked contains information believed to be subject to a protection under Federal Rule of Civil Procedure 26(c), or otherwise under federal or state law.

4. The term "redact" or any variation thereof means to protect from examination by the public and unauthorized court personnel a portion or portions of a specified court record.

5. A "medical or medical health document" is defined as any document which contains individually identifiable health information, including demographic information collected from an individual, and (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse and (2) relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual (i) that identifies the individual or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

6. "Restricted personal information" includes a person's social security number, driver's license or identification card number, telephone numbers, financial account numbers, personal identification numbers (PINs), and credit card or debit card account numbers, in combination with any required security code, access code, or password that would permit access to a person's financial account(s). The term does not include the last four digits of a social security number or publicly available information that is lawfully made available to the general public.

4841-3115-7522.1

2

7. A "Qualified Person" shall mean the following:

(a) A party to this action, an officer, director, employee, associate or partner of a party, an insurer of a party and its employees, or in-house counsel having direct responsibility for, working directly on, or testifying in connection with this action who has executed a declaration in the form attached hereto as Exhibit A;

(b) A person retained by a party or its attorneys of record to assist in this action, such as expert witnesses, independent accountants, statisticians, economists, consultants or other technical experts and/or consultants, who have signed a declaration in the form of Exhibit A hereto, which signed declaration shall be retained by such party or its attorneys;

(c) Counsel of record for the parties, their legal partners and associates, and the legal assistants and regularly-employed office staff of the counsel of record for the parties;

(d) Actual or potential deposition and/or trial witnesses in this action who are testifying pursuant to the request of any counsel in the prosecution or defense of this action or whom counsel must advise concerning the status of this action who have executed a declaration in the form attached hereto as Exhibit A; and

(e) Any judge, clerk of court, department clerk, law clerk and/or other court personnel who review and process pleadings, motion papers, and documents within the present Federal Court case.

B. **PRODUCTION OF CONFIDENTIAL MEDICAL OR MEDICAL HEALTH DOCUMENTS PERTAINING TO EMPLOYEE X, AND PRODUCTION OF OTHER DOCUMENTS DESIGNATED AS CONFIDENTIAL.**

1. Within this Federal Court case, any party possessing medical or medical health documents for Employee X to be produced in this matter shall designate such documents as confidential.

2. The parties may designate other appropriate documents and materials in their document productions as being confidential.

3. The parties may redact their restricted personal information or the restricted personal information of any other person or entity from documents produced in a document production.

4841-3115-7522.1                                    3

4. Any medical or medical health document, or other document, designated by a party as confidential should be marked with the notation **"CONFIDENTIAL"** and, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from any documents that are not entitled to protection.

5. Confidential medical or medical health documents pertaining to Employee X, and other documents designated by any party as confidential, may be produced only to a Qualified Person.

6. Interrogatory answers, responses to requests for admissions, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits and briefs that summarize or contain restricted personal information or information or materials designated as confidential shall be redacted of such information if included in a filing with the Court.

7. Confidential information may be offered into evidence at any Court hearing or at trial, provided the proponent of the evidence gives five (5) days advance notice to the counsel for the party that designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under the conditions to prevent unnecessary disclosure in accordance with LR 10-5 and LR 47-4.

8. Except for the court or court personnel, before any confidential medical or medical health documents, or other confidential documents, are disclosed to any Qualified Person, each such person shall be provided with a copy of this Order, shall agree to be bound by its terms, and shall execute an agreement in the form attached as Exhibit A, that he or she has read and understood and has agreed to be bound by the terms of this Confidentiality Order. Counsel making a disclosure to any Qualified Person shall retain the original executed copy of the agreement. By joining and signing this Confidentiality Order, the Parties and their attorneys of record, including members of such attorney's staff (including, but not limited to, paralegals, legal secretaries and law clerks) are bound by this Confidentiality Order and have agreed to comply with and be bound by its terms and need not execute the agreement attached as Exhibit A.

///

///

C. **DECLASSIFICATION.**

A party may declassify a document (or category of documents) previously designated as confidential by giving written notice to other parties or by request of the Court, as necessary to achieve declassification. A party wishing to declassify a document, however, must first give five (5) days notice to the other parties of the intent to declassify a document to allow time for any objection to be lodged. If no objection is lodged after expiration of the five (5) day period, the document may be declassified. If an objection is lodged, the party seeking declassification of a document shall only thereafter be permitted to declassify the documents by obtaining leave of the Court.

D. **CONFIDENTIAL INFORMATION USED IN DEPOSITIONS.**

1. A deponent who is not a party or representative of a party may during a deposition be shown and examined about confidential or redacted documents. Prior to such examination, the deponent shall be furnished with a copy of this Confidentiality Order and execute Exhibit A attached thereto.

2. Parties (and deponents) may on the record, or within fifteen (15) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with a following legend: *"Confidential/Subject to Protection pursuant to Court Order."* Until expiration of the fifteen (15) day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information related to a deposition, then none of the transcripts or exhibits will be treated as confidential; if timely designation is made, the confidential portions and exhibits shall be treated as any other confidential document in accordance with the provisions of Section B above.

E. **SUBPOENA BY OTHER COURTS OR AGENCIES.**

If another Court or administrative agency subpoenas or orders production of redacted documents that a party has obtained under the terms of this order, such parties shall forthwith promptly notify the counsel for the party who redacted the documents of the pendency of such subpoena or order.

4841-3115-7522.1                                5

### F. FILING.

1. Any documents containing restricted personal information of the parties shall be redacted of such information prior to inclusion in any court filings.

2. The parties agree to each make a reasonable effort to avoid having to include documents designated as confidential in court filings. If a party deems it necessary to include in a court filing a document which has been designated as confidential by a party, said party shall request leave of court to file such document under seal, in accordance with the applicable provisions of the Federal Rules of Civil Procedure and Local Rules of Practice for the United States District Court, District of Nevada, and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). While a request for leave is pending, no document the subject of the request shall be filed with the Court. If a party must make a filing to meet a Court-related deadline and does not yet have leave of court to file a confidential document under seal, the subject document shall be withheld from the filing with a notation in the filing that the corresponding confidential document has been withheld pursuant to the provisions of this Confidentiality Order and that a request to file under seal has been or shall be made. The filing party shall then abide by any decision of the Court concerning the request for leave to file the document.

### G. USE.

Persons obtaining access to redacted documents or documents designated as confidential by a party shall use the information only for litigation purposes related to this matter (including, but not limited to, discovery, trial, appeals and re-trials), and shall not use such information for any other purpose, including separate litigation, business or judicial procedures.

### H. NON-TERMINATION.

The provisions of this order shall not terminate at the conclusion of this Federal Court case.

### I. MODIFICATION PERMITTED.

Nothing in this Confidentiality Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise

4841-3115-7522.1

6

improper.

### J.  RESPONSIBILITY OF ATTORNEYS.

The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of redacted documents or documents designated as confidential.

### K.  NO WAIVER.

1. Review of unredacted documents and information by counsel, experts with consultants for litigants in this litigation shall not waive the confidentiality of the documents or objections to production.

2. The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver in whole or in part, of any persons claim of confidentiality.

### L.  OBJECTIONS RESERVED.

Nothing contained in this Confidentiality Order and no action taken pursuant to it shall prejudice the right of any party to contest alleged relevancy, admissibility, or discoverability of confidential documents and information sought.

## II.

### PROVISIONS RELATING TO ARBITRATION BETWEEN PLAINTIFF AND HCC LIFE INSURANCE COMPANY

Defendant HCC Life Insurance Company ("HCC") has moved to compel arbitration with Plaintiff Woodburn and Wedge, Chartered ("Woodburn"), pursuant to the Arbitration Clause of the subject Stop Loss Policy. Plaintiff did not oppose arbitration with HCC. Defendant CNIC Health Solution ("CNIC") and Defendant The Laughton Company ("Laughton") did not opposed HCC's motion, but filed a Counter-Motion to Stay Federal Proceedings requesting a stay of proceedings of this Federal Court case while arbitration between HCC and Woodburn is pending. The Court granted both motions on November 8, 2012.

///

///

4841-3115-7522.1                                                   7

So as to fulfill the intent and purpose of this Stipulation and Confidentiality Order, and since it is expected that HCC and Woodburn will come back to this Court for finalization of the Arbitrator's Decision pursuant to the applicable provisions of the Federal Arbitration Act, HCC and Woodburn shall notify their arbitrator of this Stipulation and Confidentiality Order such that HCC and Woodburn can continue to comply with same within the arbitration proceedings.

By executing this Stipulation, HCC and Plaintiff do not waive their right to arbitration under the subject Stop Loss Policy.

DATED this 20 day of December, 2012.

WOODBURN AND WEDGE

By: *(signature)*
W. Chris Wicker, Esq.
Nevada State Bar No. 1037
6100 Neil, Road, Suite 500
Reno, NV 89511
Attorneys for Woodburn and Wedge, Chartered

DATED this 31 day of December, 2012.

BACKUS, CARRANZA & BURDEN

By: /s/ Leland Eugene Backus
Leland E. Backus, Esq.
Nevada State Bar No. 473
3050 South Durango Drive
Las Vegas, NV 89117
Attorneys for HCC Life Insurance Company

**SIGNATURES CONTINUE ON NEXT PAGE**

4841-3115-7522.1

8

DATED this 28 day of December, 2012.           DATED this 28th day of October, 2012.

LEMONS, GRUNDY & EISENBERG

By: _____
David R. Grundy, Esq.
Nevada State Bar No. 864
6005 Plumas Street, Third Floor
Reno, NV 89519
Attorneys for CNIC Health Solutions

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Marc S. Cwik, Esq.
Nevada State Bar No. 6946
6385 S. Rainbow Blvd, Suite 600
Las Vegas, NV 89118
Attorneys for The Laughton Company

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO ABIDE BY CONFIDENTIALITY ORDER**

UNDERSIGNED HEREBY ACKNOWLEDGES that s/he has read the STIPULATION AND CONFIDENTIALITY ORDER entered by the United Stated District Court for the District of Nevada in the case of *Woodburn and Wedge, Chartered v. HCC Life Insurance Company; CNIC Health Solutions; and The Laughton Company*, Case No. 3:12-cv-00280-LRH-VPC.

Undersigned agrees to be bound by the terms of the above-mentioned STIPULATION AND CONFIDENTIALITY ORDER in the same manner as the parties and their respective attorneys. Undersigned further agrees to submit to the jurisdiction of the United Stated District Court for the District of Nevada for any proceedings related to any violation or threatened violation of the above-mentioned STIPULATION AND CONFIDENTIALITY ORDER.

DATED this ____ day of _____, _____.

_____
Litigation Participant

**CONFIDENTIALITY ORDER**

IT IS SO ORDERED.

DATED this 25th day of February, 2012.

_____
United States Magistrate Judge

4841-3115-7522.1

9

## CERTIFICATE OF SERVICE

I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 3050 South Durango Drive, Las Vegas, Nevada, 89117. On December 31, 2012, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Cathy Frongman_
An employee of BACKUS, CARRANZA & BURDEN

4841-3115-7522.1

10

## SERVICE LIST

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| Marc S. Cwik, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, NV 89118 | The Laughton Company | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ CM/ECF |
| David R. Grundy, Esq.<br>LEMONS, GRUNCY & EISENBERG<br>6005 Plumas Street, Third Floor<br>Reno, NV 89519 | CNIC Health Solutions | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ CM/ECF |
| W. Chris Wicker<br>WOODBURN & WEDGE<br>6100 Neil Road, Suite 500<br>Reno, NV 89505 | Woodburn & Wedge | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ CM/ECF |

4841-3115-7522.1

11